BALDOCK, Circuit Judge,
concurring.
I join the Court’s opinion except for Part II. The Court’s ultimate conclusion in Part II that admission of the confidential informant’s out-of-court statements constituted harmless error is in my opinion correct. I disagree, however, with the Court’s hearsay analysis and believe its Sixth Amendment Confrontation Clause analysis wholly unnecessary.
The Court wrongly characterizes the confidential informant’s out-of-court statements as hearsay. Fed. R. Evid. 801(c) defines hearsay as “a statement, other than one made by the declarant -while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” A statement not offered to prove the truth of the matter asserted, therefore, is not considered hearsay. In this case, the Government offered the confidential informant’s statements not for the truth of the matter asserted, but to establish the reason for the investigation. As we stated in United States v. Freeman, 816 F.2d 558, 563 (10th Cir.1986): “[0]ut of court statements are not hearsay when offered for the limited purpose of explaining why a Government investigation was undertaken.” Because the Government in this case offered the confidential informant’s out-of-court statements to explain why the officer applied for a search warrant, such statements are not hearsay within the meaning of Fed. R. Evid. 801(c).[1]
*1237 The conclusion that the statements were offered to explain the reason for the investigation, rather than hearsay statements offered to prove the matter asserted, does not end our inquiry. Such statements must be evaluated for relevance under Fed. R. Evid. 401 and for undue prejudice under Fed. R. Evid. 403. Freeman, 816 F.2d at 563. Applying the proper analysis, I believe the confidential informant’s statements were unduly prejudicial under Fed. R. Evid. 403. The statements specifically identified Defendant by name and went “precisely [to] the issue the government was required to prove.” United States v. Cass, 127 F.3d 1218, 1223 (10th Cir.1997). See also United States v. Pulley, 922 F.2d 1283, 1288 (6th Cir.1991)(where propriety of investigative methods were not at issue, out-of-court statement naming defendant substantially increased the risk the jury would consider the out-of-court statement in determining defendant’s guilt or innocence); 30B Michael H. Graham, Federal Practice and Procedure § 7005 at 49-51 (2000)(out-of-court statement indicating accused engaged in a particular crime is so likely to be misused by the jury as evidence of the fact asserted that it should be excluded on the grounds that the probative value of the statement admitted for a non-hearsay purpose is substantially outweighed by the danger of the unfair prejudice under Rule 403).
Accordingly, I would conclude that the admission of the out-of-court statements was unduly prejudicial and constitutes an abuse of discretion.[2] Nevertheless, I agree with the Court’s ultimate conclusion that admission of the confidential informant’s out-of-court statements was harmless error.

. While the Government appeared to invoke the statements for the truth of the matter asserted during closing argument, such subsequent reference does not render the statements hearsay for purposes of evidentiary rai-ings during trial. The Government’s reliance on the statements during closing argument may have been improper but does not retroactively transform the statements from background information into admissible hearsay.

. Because the confidential informant’s statements were not hearsay, I further disagree with the court’s conclusion that the admission of the statements violated Defendant's Sixth Amendment Confrontation Clause rights. See United States v. Wilson, 107 F.3d 774, 781 (10th Cir.l997)(no basis for asserting a Sixth Amendment violation where defendant was not prohibited from confronting the witness against him because no hearsay statements were admitted.)